# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL JOHN PISKANIN,** | : | **CIVIL ACTION NO. 1:13-CV-1487** |
| Petitioner, | : | **(Judge Conner)** |
| v. | : | |
| **UNITED STATES SOCIAL SECURITY ADMINISTRATION,** *et al.*, | : | |
| Respondents | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), filed by Michael John Piskanin ("Piskanin"), a state inmate confined at the State Correctional Institution at Benner Township, Bellefonte, Pennsylvania. Piskanin seeks to proceed in forma pauperis. (Doc. 2.) Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), and, for the reasons set forth below, the petition will be dismissed without prejudice.

## I.  **Background**

Piskanin alleges that he "is detained, illegally and under unconstitutional conditions of confinement at SCI Benner" in violation of the Americans With Disabilities Act and the "Interstate Agreement on Detainers." (Doc. 1, at 1.) He states that he has been denied access to the courts and has been obstructed in pursuing meaningful defenses to convictions that have not yet been finalized, and

argues that "the Supreme Court of the United States has allowed habeas corpus as a remedy to enforce access to court. Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747 (1965)." (Id. at 2, 3.) In an attached supplement, he seeks removal of criminal actions currently pending in New York and New Jersey to federal court as well as an investigation into those criminal proceedings. (Doc. 1-1.)

He also seeks Social Security retirement benefits, Social Security disability benefits, and Social Security Income. (Id.)

**II.    Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)).

To the extent that Piskanin challenges the detainers lodged by the states of New Jersey and New York, this Court lacks jurisdiction. Such a challenge must be brought, not in the jurisdiction in which the inmate's current custodian is found, but in the jurisdiction in which the state official lodging the detainer is located. Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). This Court also lacks

jurisdiction over the criminal proceedings in New Jersey or New York, and has no authority to transfer state criminal proceedings to federal court or investigate such proceedings. In fact, in no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings. Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227 (3d Cir. 1992).

Piskanin also claims that he is being subjected to unconstitutional conditions of confinement and his ability to access the courts is being obstructed. However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). Because he is seeking to impose liability due to the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action.

Finally, Piskanin also seeks Social Security and Disability benefits. As these requests are properly pursued in the administrative forum provided by the Social Security Administration, they will also be dismissed.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: June 7, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL JOHN PISKANIN,** | : | **CIVIL ACTION NO. 1:13-CV-1487** |
| **Petitioner,** | : | **(Judge Conner)** |
| v. | : | |
| **UNITED STATES SOCIAL SECURITY ADMINISTRATION,** *et al.*, | : | |
| **Respondents** | : | |

## ORDER

AND NOW, this 7th day of June, 2013, it is hereby ORDERED that:

1. The application to proceed in forma pauperis (Doc. 2) is GRANTED.

2. The Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED without prejudice.

3. The Clerk of Court is further directed to CLOSE this case.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge